IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00415-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

      Plaintiffs,

v.

PARTNER COLORADO CREDIT UNION,
HARRY L. SIMON,
DANIELLE L RAMOS,
SARA M. GARRIDO, and
DIANA COFFEY,

      Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge [Docket No. 43].  The Court has jurisdiction under 28 U.S.C. § 1331.

## I.  BACKGROUND

      On February 12, 2024, plaintiffs Keri Lynn Viegas and James Viegas

(collectively, the "plaintiffs") filed this case.  Docket No. 1.  On April 4, 2024, plaintiffs

filed proof of service for defendant Judge Sara M. Garrido.  Docket No. 17

      On April 23, 2024, the Clerk of the Court entered default against Judge Garrido.

Docket No. 25.  Plaintiffs then filed a motion for default judgment as to Judge Garrido.

Docket No. 26.  On April 29, 2024, Judge Garrido filed a motion to set aside the Clerk's

entry of default, arguing that she was not properly served with a copy of the summons

and complaint, that plaintiffs will not be prejudiced by setting aside the default, and that

she has meritorious defense to plaintiffs' claims.  Docket No. 30 at 4–10.  Plaintiffs filed a response opposing the motion.  Docket No. 34.

On May 24, 2024, Magistrate Judge Maritza Dominguez Braswell issued a recommendation to grant Judge Garrido's motion to set aside the Clerk's entry of default and to deny as moot plaintiffs' motion for default judgment.  Docket No. 43.  The recommendation states that any objections must be filed within fourteen days after service on the parties.  *Id*. at 6.  Plaintiffs filed an objection on May 28, 2024.  Docket No. 45.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R.

2

Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less

than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a),

which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiffs

are proceeding *pro se*, the Court will construe their objections and pleadings liberally

without serving as their advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).

### III. ANALYSIS

The magistrate judge recommends that the Court should set aside the Clerk's

entry of default regarding Judge Garrido.  Docket No. 43 at 4–6.  The magistrate judge

explained that courts "may set aside an entry of default for good cause," *id*. at 4 (quoting

Fed. R. Civ. P. 55(c)), and, "[i]n deciding whether to set aside an entry of default, courts

may consider, among other things, 'whether the default was willful, whether setting it

aside would prejudice the adversary, and whether a meritorious defense is presented.'"

*Id*. (quoting *Pinson v. Equifax Credit Info. Servs*., *Inc*., 316 F. App'x 744, 750 (10th Cir.

2009) (unpublished)).  She noted that the Tenth Circuit has a strong preference for

deciding cases on the merits as opposed to default.  *Id*. (citing *In re Rains*, 946 F.2d

731, 732-33 (10th Cir. 1991)).

The magistrate judge found that there was no evidence in the record suggesting

that the Judge Garrido has "willfully defaulted in this manner."  *Id*.  She explained that,

"[t]hough the Court declines to ultimately decide the issue, Defendant Judge Garrido

does not appear to have been properly served, and there's no evidence in the record

she has intentionally avoided this suit."  *Id*. (citing Docket No. 17 at 1–2).  The

3

magistrate judge also found that setting aside the entry of default will not prejudice plaintiffs because plaintiffs have suffered little, if any, delay in pursuing their claims. *Id*. at 5.

Second, the magistrate judge explained that "the only harm to Plaintiffs in setting aside the entry of default is that Plaintiffs will have to prove their case." *Id*. Finally, the magistrate judge found that Judge Garrido has raised sufficiently meritorious defenses to set aside an entry of default, including that Judge Garrido is absolutely immune from plaintiffs' claims, plaintiffs' claims are barred by *Rooker-Feldman* and the Eleventh Amendment, and that certain claims of plaintiffs lack a private right of action. *Id*. at 6. Thus, the magistrate judge found that these "general defenses are more than enough to satisfy the relatively low threshold" needed for this factor to weigh in favor of setting aside the entry of default. *Id*.

Plaintiffs filed timely objections to the recommendation. *See* Docket No. 45. The Court construes plaintiffs' filings as raising four objections.

## A. **Objection One**

Plaintiffs' first objection appears to challenge the magistrate judge's factual and legal conclusions. Plaintiffs argue that the magistrate judge "ignores the affidavit of truth and facts," "creates unlawful orders," and "ignor[es] facts that Defendant Sara M. Garrido knowingly defaulted." *Id*. at 2–3. However, plaintiffs' objection is not specific because it provides no explanation why the factual and legal conclusions in the recommendation are erroneous. *See One Parcel*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual

4

and legal – that are at the heart of the parties' dispute").  Specifically, plaintiffs do not explain the reason it was erroneous for the magistrate judge to find that Judge Garrido does not appear to have willfully defaulted and that setting aside the entry of default will not prejudice plaintiffs.  Docket No. 45at 2–7; *see Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))).  Accordingly, the Court overrules plaintiffs' first objection.

### B. <u>Objection Two</u>

Plaintiffs also appear to object to the magistrate judge's authority to issue orders and recommendations in this case.  *See* Docket No. 45 at 2.  Plaintiffs state that they "do not consent to a Magistrate Judge.  We the People Demand an Article III Court."  *Id.*

The Court overrules this objection.  Magistrate Judge Dominguez Braswell is authorized to hear this matter pursuant to 28 U.S.C. §§ 636(a)-(b), Fed. R. Civ. P. 72(a)-(b), and D.C.COLO.LCivR 72.1.  Plaintiffs' consent is not required for the district court to refer dispositive motions to Judge Dominguez Braswell for a recommendation.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. §§ 636(b)(1)(B)-(C); *see also Matios v. City of Loveland*, 2023 WL 4145905, at *3 (10th Cir. June 23, 2023).  Plaintiffs may object to any adverse rulings or recommendations by Judge Dominguez Braswell and such objections will be decided by an Article III judge pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).

### C. Objection Three

Plaintiffs' third objection seems to argue that Judge Dominguez Braswell should recuse herself.  Docket No. 45 at 3, 4–5.  Plaintiffs claim that Judge Dominguez Braswell "has shown bias by accepting prior colleague Amy Colony's motion to vacate," "colludes with foreign agent Amy Colony in all federal court cases filed by the Plaintiffs," and that plaintiffs' criminal and civil complaints against Judge Dominguez Braswell "creates a conflict of interest."  *Id.*

Plaintiffs' argument that Judge Dominguez Braswell's former work relationship with Ms. Colony in the Colorado Attorney General's Office is grounds for recusal has been addressed and rejected in plaintiffs' previous case.  *See Viegas v. Owens*, No. 23-cv-02939-PAB-MDB, Docket No. 106 at 4–6.  There, the Court found that "plaintiffs offer no explanation why Judge Dominguez Braswell's prior work in the Colorado Attorney General's Office would cause a reasonable person to harbor doubts about Judge Dominguez Braswell's impartiality."  *Id.* at 4–5.  The same is true in the instant case.

The Court has also previously addressed and rejected plaintiffs' argument that Judge Dominguez Braswell should be disqualified because she is a named party in plaintiffs' suits.  Docket No. 50 at 2–7.  As the Court stated in its order denying plaintiffs' motion to disqualify Judge Dominguez Braswell, plaintiffs' "'potentially frivolous' attempt to name the judge as a party 'apparently for the sole purpose of forcing recusal' in another case" does not constitute valid grounds for recusal.  *Id.* at 4 (citing *Matios v.*

6

*City of Loveland*, No. 21-cv-02194-PAB-NRN, 2023 WL 7328123, at *2 (D. Colo. Nov. 7, 2023). The Court overrules plaintiffs' third objection.

###    D.  Objection Four

Plaintiffs object to the magistrate judge's finding that Judge Garrido has presented sufficiently meritorious defenses to plaintiffs' claims that weighs in favor of setting aside the entry of default. Docket No. 45 at 4. Plaintiffs argue that Judge Garrido has "no immunity, and the Rooker-Feldman doctrine does not apply." *Id*.

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.; Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.,* 115 F.3d 767, 775 n.6 (10th Cir. 1997). To determine whether there is good cause, the Court considers – among other factors[1] – whether the defendant has a meritorious defense. *Hunt v. Ford Motor Co.,* 65 F.3d 178, 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995). "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). As such, "the movant's version of the facts and circumstances supporting his defense will be deemed to be true." *Id*.

The magistrate judge was correct to accept Judge Garrido's version of the facts and to find that her defenses were sufficiently meritorious to weigh in favor of granting

---

[1] As discussed above, plaintiffs do not object to the magistrate judge's findings as to the other factors and thus the Court need not discuss them here.

her motion to set aside the entry of default.  Docket No. 43 at 6.  Plaintiffs' bare

assertions that "Sara M. Garrido has no immunity" and "the Rooker-Feldman doctrine

does not apply", Docket No. 45 at 4., do not change the fact that Judge Garrido's

allegations must be taken as true in determining whether a defense may be meritorious.

*In re Stone*, 588 F.2d at 1319.  Accordingly, the Court overrules plaintiffs' fourth

objection.

<u>**Non-Objected to Portions of the Recommendation**</u>

The Court has reviewed the remainder of the recommendation to satisfy itself

that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b),

Advisory Committee Notes.  Based on this review, the Court has concluded that the

remainder of the recommendation is a correct application of the facts and the law.

**IV. CONCLUSION**

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 43] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiffs' Objection to Order and Recommendation [Docket No.

45] is **OVERRULED**.  It is further

**ORDERED** that Defendant Judge Sara M. Garrido's Motion to Set Aside Entry of

Default [Docket No. 30] is **GRANTED**.  It is further

**ORDERED** that the Clerk of the Court shall vacate the entry of default [Docket

No. 25] against defendant Judge Sara M. Garrido.  It is further

**ORDERED** that plaintiffs' Request for Entry of Default Judgment [Docket No. 26]

is **DENIED as moot**.

DATED January 17, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge