IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00415-PAB-STV

KERI L. VIEGAS, and
JAMES VIEGAS,

      Plaintiffs,

v.

PARTNER COLORADO CREDIT UNION,
HARRY L. SIMON,
DANIELLE L. RAMOS,
SARA M. GARRIDO, and
DIANA COFFEY,

      Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States

Magistrate Judge [Docket No. 48].  Plaintiffs also object to the magistrate judge's order

to strike their surreply brief [Docket No. 42].  The Court has jurisdiction pursuant to 28

U.S.C. § 1331.  Plaintiffs Keri L. Viegas's and James Viegas's claims arise out of a

Jefferson County, Colorado state lawsuit that defendant Partner Colorado Credit Union

("PCCU") brought against plaintiffs for a "bad check arising out of a breach of a retail

installment contract for a motor vehicle."  Docket No. 6 at 1.  Defendant Harry L. Simon

was PCCU's attorney, Danielle L. Ramos was Mr. Simon's process server, Judge Sara

M. Garrido was the presiding judge, and Diana Coffey was Judge Garrido's clerk.  *Id*. at

3.

## I.    BACKGROUND

The facts are set forth in the magistrate judge's recommendation.  Docket No. 48 at 2–5.  To the extent that plaintiffs dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On February 12, 2024, plaintiffs filed this case against Ms. Coffey, Judge Garrido, PCCU, Ms. Ramos, and Mr. Simon.  Docket No. 1.  Plaintiffs' complaint asserts claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution against all defendants pursuant to 42 U.S.C. § 1983.  *Id*. at 4–7, ¶¶ 1, 3, 5, 7,10. Plaintiffs' complaint also claims that Ms. Ramos and Judge Garrido violated 18 U.S.C. §§ 241 and 242.  *Id*. at 5, ¶¶ 3, 5.  Plaintiffs seek the following damages from each defendant: Judge Garrido ($8 million), Ms. Coffey ($4 million), Ms. Ramos ($4 million), Mr. Simon ($8 million), and PCCU ($8 million).  *Id*. at 6–7, ¶¶ 1–6.

On March 6, 2024, PCCU filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 6.  On April 25, 2024, Mr. Simon filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 28.  Plaintiffs filed responses to the motions.  Docket Nos. 9, 33.  PCCU and Mr. Simon filed replies.  Docket Nos. 14, 37.  On May 14, 2024, plaintiffs filed a surreply in support of their response to the motion to dismiss.  Docket No. 40.

On August 23, 2024, Magistrate Judge Dominguez Braswell issued a recommendation to grant the motions to dismiss.  Docket No. 48.  On May 15, 2024, she also struck plaintiffs' surreply for failure to comply with D.C.COLO.LCivR 7.1(d). Docket No. 41.  The magistrate judge recommends dismissing plaintiffs' Fourth and

Fifth Amendment claims because those claims are barred under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Id*. at 8–11. She recommends dismissing plaintiffs' Seventh Amendment claim because the claim lacks the explanation and support that is required for a cognizable claim under Fed. R. Civ. P. 12(b)(6). Docket No. 48 at 11–12. Furthermore, the magistrate judge recommends dismissing Ms. Ramos and Ms. Coffey from this action because plaintiffs failed to properly serve these defendants. *Id.* at 12–14.

The magistrate judge recommends dismissing the Fourth and Fifth Amendment claims without prejudice because the *Rooker-Feldman* doctrine implies the Court's subject matter jurisdiction. *Id.* at 15. She recommends dismissing the Seventh Amendment claim with prejudice because "Plaintiffs have caused Defendants and the Court to expend significant time and resources on what appears to be a meritless claim." *Id*. at 15 n.12. The recommendation states that any objections must be filed within fourteen days after service on the parties. *Id*. at 15. Plaintiffs filed timely objections. Docket Nos. 42, 51.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues - factual and legal - that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    ANALYSIS

The Court construes plaintiffs' filings as raising five objections. Docket Nos. 42; Docket No. 51.

### A.  Objection One

Plaintiffs' first objection appears to argue that Judge Dominguez Braswell has demonstrated bias against plaintiffs. Plaintiffs assert that Judge Dominguez Braswell is engaging in "judicial activism from the bench," "display[s] a continued pattern of disregard for the Constitution," is committing "Treason" against plaintiffs, and is violating plaintiffs' due process rights, as well as §§ 241 and 242, by recommending dismissal of this case. Docket No. 42 at 6, 8–10. Plaintiffs also contend that Judge Dominguez

4

Braswell is "masquerading as a Magistrate Judge" and is not "in good behavior."  *Id*. at

12.  The Court construes this objection as requesting the recusal of Judge Dominguez

Braswell.

> As the Court has previously explained in this case,

> Under 28 U.S.C. § 455(a), a federal judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'"  *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)).  "In conducting this review, [the court] must ask how these facts would appear to a well informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person."  *Id*. (internal quotations and citation omitted).  "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'"  *Id*. (quoting *Wells*, 873 F.3d at 1251).  The "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted).  The party moving to disqualify a judge has the burden of proof.  *Davis v. U.S. Dep't of Justice*, 2024 WL 3617343, at *3 (10th Cir. Aug. 1, 2024) (collecting cases).

> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal.").  Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555).  Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal."  *Id*. (citation omitted).

Docket No. 50 at 2–3.  The recommendation, although adverse to plaintiffs, is

insufficient alone to raise a question about Judge Dominguez Braswell's impartiality.

*See Liteky*, 510 U.S. at 555.  Plaintiffs identify no portions of the recommendation that

"reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Nickl*, 427 F.3d at 1298.  Plaintiffs' suggestions that Judge Dominguez Braswell is engaging in "judicial activism from the bench" and is not "in good behavior," Docket No. 51 at 6, 12, are too vague to suggest bias and, even if they so suggest, are merely "unsubstantiated suggestion[s] of personal bias or prejudice." *See Mobley*, 971 F.3d at 1205.  Plaintiffs provide no facts in support of these arguments.  As a result, the Court overrules plaintiffs' first objection.

### B.  Objection Two

Plaintiffs object to the magistrate judge's order that their surreply to Mr. Simon's reply in support of his motion to dismiss be stricken for failure to comply with D.C.COLO.LCivR 7.1(d).  Docket No. 42.  Plaintiffs argue that "[t]here is nothing in [the Local Rules] that states permission must be asked or provides validations for striking We the People's replies to lies by officers of the court." *Id*. at 2.  Under D.C.COLO.LCivR 7.1(d) , a responding party has "21 days after the date of service of a motion . . . in which to file a response."  The "moving party may file a reply no later than 14 days after the date of service of the response."  D.C.COLO.LCivR 7.1(d).  Local Rule 7.1(d) does not say anything about the responding party filing a surreply.  After plaintiffs filed their response to Mr. Simon's motion to dismiss, Docket No. 33, Mr. Simon filed his reply in support of his motion to dismiss on May 9, 2024.  Docket No. 37.  Plaintiffs filed a surreply on May 14, 2024 without leave of court.  Docket No. 40.  Although plaintiffs called their filing a "reply," it nonetheless constitutes a surreply.  *See id.*  Plaintiffs have demonstrated no error on the magistrate judge's part in construing Local Rule 7.1(d) as requiring permission to file a surreply.  In any event, the Court's Practice Standards

6

require that a party obtain leave of court to file a surreply, which plaintiffs did not comply

with.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.B.2 ("No

surreply or supplemental briefs shall be filed without leave of court.").  Thus, the Court

overrules plaintiffs' second objection and will not consider the surreply.[1]

### C. Objection Three

Plaintiffs argue that the magistrate judge erred in concluding that plaintiffs' Fourth

and Fifth Amendment claims are barred by the *Rooker-Feldman* doctrine.  Docket

No. 51 at 4–5.  The *Rooker-Feldman* doctrine is "tied to Congress's decision to vest

federal appellate jurisdiction over state court judgments exclusively in the United States

Supreme Court."  *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir.

2023) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005);

28 U.S.C. § 1257).  The *Rooker-Feldman* doctrine implicates a court's subject matter

jurisdiction and applies where "(1) the plaintiff lost in state court, (2) the state court

judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the

plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review

and reject the state court judgment."  *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746

(10th Cir. 2023).  The *Rooker-Feldman* doctrine applies when a litigant's claim seeks to

"modify or set aside a state court judgment."  *Graff*, 65 F.4th at 515; *see also Williams v.*

---

[1] Plaintiffs also state that Judge Dominguez Braswell and defendants "have not responded line by line by Affidavit to any of the Responses/Objections by Affidavits entered into the Court of Record and therefore agree to the Unrebutted Facts stated in those Responses/Objections."  Docket No. 51 at 2 (citing Docket Nos. 9, 33, 34, 40). Plaintiffs argue that the magistrate judge "must accept [their responses] as FACT."  *Id*. Plaintiffs provide no legal authority, and the Court is unaware of any authority, suggesting that a magistrate judge is required to respond "line by line" to every argument raised in a response to a motion to dismiss.  *See id*.

*HSBC Bank USA, N.A.*, 681 F. App'x 693, 695 (10th Cir. 2017) (unpublished) ("the type

of judicial action barred by *Rooker-Feldman* consists of a review of the proceedings

already conducted by the lower tribunal to determine whether it reached its result in

accordance with law" (internal quotation, alteration, and citation)); *Kline v. Biles*, 861

F.3d 1177, 1180 (10th Cir. 2017) (holding that *Rooker-Feldman* applies to "claims

actually decided by a state court, and claims inextricably intertwined with a prior state-

court judgment" (citation omitted)).  However, "*Rooker-Feldman* does not bar a federal

court claim merely because it seeks relief inconsistent with a state court judgment."

*Graff*, 65 F.4th at 515.

The magistrate judge concludes that the *Rooker-Feldman* doctrine would bar

plaintiffs' Fourth and Fifth Amendment claims.  Docket No. 48 at 8–11.  The magistrate

judge finds that "Plaintiffs appear to invoke the unreasonable search and seizure

provision of the Fourth Amendment, the Fifth Amendment's Due Process Clause, and

the right to a jury trial found in the Seventh Amendment to the United States

Constitution."  *Id*. at 10.  The magistrate judge finds that, to the extent that plaintiffs

assert a "Fifth Amendment due process claim based on the fairness of the Jefferson

County proceeding," such a claim would "necessarily challenge the adjudication in state

court" and is thus barred by *Rooker-Feldman*.  *Id*. at 11 (citing *Tal v. Hogan*, 453 F.3d

1244, 1256 (10th Cir. 2006)).  As a result, the magistrate judge recommends dismissing

the Fourth and Fifth Amendment claims without prejudice for lack of jurisdiction.  *Id*. at

15.

Plaintiffs assert that the "Rooker-Feldman doctrine does not apply to this case"

because "no judgment exist[ed] on February 12, 2024" and that "the Federal case [was]

8

filed February 12, 2024." Docket No. 51 at 5. Plaintiffs' objection appears to challenge

the magistrate judge's finding on the third element of the *Rooker-Feldman* doctrine,

namely, whether "the state court rendered judgment before the plaintiff filed the federal

claim." *Bruce*, 57 F.4th at 746. The Court reviews that finding de novo. The final

judgment in the Jefferson County proceeding against plaintiffs was entered on April 12,

2024, *see Partner Colorado Credit Union v. Viegas et al*, Case No. 2023C033567,[2]

while plaintiffs filed the instant suit two months before, on February 12, 2024. Docket

No. 1.

In *Exxon Mobil Corp.*, 544 U.S. at 291, the Court held that *Rooker-Feldman* bars

federal courts from exercising subject matter jurisdiction over claims that challenge a

state court judgment only after the state proceeding has concluded. The Tenth Circuit

considers a state proceeding concluded and thus the judgment final for *Rooker-*

*Feldman* purposes "(1) 'when the highest state court in which review is available has

affirmed the judgment below and nothing is left to be resolved'; (2) 'if the state action

has reached a point where neither party seeks further action'; or (3) 'if the state court

proceedings have finally resolved all the federal questions in the litigation, but state law

or purely factual questions (whether great or small) remain to be litigated.'" *Guttman v.*

*Khalsa*, 446 F.3d 1027, 1032 n.2 (10th Cir. 2006) (quoting *Federacion de Maestros de*

*Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st

---

[2] The Court takes judicial notice of the state court docket in Case No.
2023C033567. *See Tal*, 453 F.3d at 1264 n.24 (holding that a court may take judicial
notice of facts which are a matter of public record when considering a motion to
dismiss); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir.
2014) (noting that a court may "take judicial notice of documents and docket materials
filed in other courts").

Cir. 2005)).  In *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006), the court clarified

that a state proceeding has ended for *Rooker-Feldman* purposes only when the

plaintiff's window to appeal the judgment has closed.

However, it is not clear whether *Rooker-Feldman* prevents a federal court from

exercising subject matter jurisdiction when a federal lawsuit is filed before the state

appellate window has closed.  *Toney v. Keil*, No. 13-cv-03386-CMA-MJW, 2014 WL

4800275, at *3 (D. Colo. Sept. 26, 2014).  In *Guttman*, 446 F.3d at 1032, the court found

that, because the plaintiff "filed his federal suit while his petition for certiorari to the New

Mexico Supreme Court was pending" "[h]is state suit was not final."  Consequently, the

court found that the *Rooker-Feldman* doctrine did "not apply and the district court did

have subject matter jurisdiction."  *Id*. at 1031.  On the other hand, in *Tal*, 453 F.3d at

1257, the court held that the plaintiff's federal claim that a state condemnation action

was fraudulent was unreviewable under *Rooker-Feldman*.  *Tal* reasoned that "[t]he state

condemnation proceeding need not be final in order to serve as grounds for *Rooker-

Feldman* preclusion."  *Id*.

Moreover, the Tenth Circuit has held that, even if *Rooker-Feldman* does not

apply because the state proceeding at issue has not ended, there are other principles of

abstention that may preclude subject matter jurisdiction.  For instance, in *D.A.

Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013), the

court found that, although *Rooker-Feldman* did not prevent the federal court from

hearing a federal claim while the state case was ongoing, "principles of abstention"

dictated that jurisdiction must be declined.  Likewise, in *Chapman v. Okla.,* 472 F.3d

747, 749–750 (10th Cir. 2006), the court held that, although the plaintiff's state court

proceedings had "not reached the end of the state courts' appeal process . . . and the

district court therefore erred by dismissing his complaint under *Rooker-Feldman*," the

district court had to abstain under *Younger v. Harris,* 401 U.S. 37, 91 (1971), from

hearing the plaintiff's claims.  *See also Bear,* 451 F.3d at 643 ("Furthermore, if the

district court determines that the judgment was not final and, therefore, that *Rooker–*

*Feldman* does not apply, it can consider the alternate bases for dismissal urged by

Judge Patton, namely, abstention under *Younger v. Harris*").

    In light of the ambiguity within Tenth Circuit precedent, "[c]ourts in [the District of

Colorado] have concluded that the *Rooker-Feldman* doctrine precludes claims seeking

to invalidate state foreclosure proceedings that have become final, even if the claims

are brought before the foreclosure sale occurs."  *Wehr v. U.S. Bank, Nat'l Ass'n*, No. 18-

cv-02691-RM-GPG, 2020 WL 1242945, at *2 (D. Colo. Mar. 16, 2020).  Courts in this

district have applied this principle when the state foreclosure sale has concluded by the

time the court hears the case, regardless of when the plaintiffs filed their federal claim.

*See, e.g., McDonald v. J.P. Morgan Chase Bank, N.A.*, No. 12–cv–02749–MSK, 2014

WL 334813, at *4 (D. Colo. Jan. 30, 2014) (dismissing the plaintiff's federal claims on

*Rooker-Feldman* grounds, despite the federal claim being filed before the state

foreclosure proceeding was complete, because there was "little justification for allowing

a party to forever circumvent the *Rooker-Feldman* doctrine simply by commencing suit

in federal court prior to state court proceeding reaching its conclusion" and the state

proceeding had become final at the time of the court's holding); *Zeller v. Ventures Tr.*

*2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2016 WL 745373, at *6 (D. Colo. Feb. 1, 2016)

(finding that, "[a]lthough [the plaintiff] initiated [the federal action] several days before

11

the foreclosure sale, that sale became final and was confirmed by a state court order during the pendency of this case" and to hold that *Rooker-Feldman* did not bar jurisdiction "would allow this court to completely undo the foreclosure proceedings.") (citing *Dillard v. Bank of New York*, 476 F. App'x 690, 692 (10th Cir. 2012) (unpublished)); *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1064 (D. Colo. 2013) ("[R]egardless of the fact that Plaintiff initiated this lawsuit prior to the foreclosure sale of the Property, the *Rooker–Feldman* doctrine precludes this Court's subject matter jurisdiction over review of the Rule 120 proceeding for two reasons: first, because the foreclosure proceeding has fully concluded, and second, due to the nature of Plaintiff's request for injunctive relief, *i.e.,* an order that would completely undo the foreclosure proceeding.").

The Court finds persuasive the reasoning of these orders.  Plaintiffs in this case similarly filed a federal claim while state proceedings were ongoing, and state proceedings have since concluded as the state court issued a final judgment after plaintiffs failed to appear at trial.  *Partner Colorado Credit Union v. Viegas et al.*, Case No. 2023C033567.  Moreover, even if judgment was not final, *Younger* abstention would preclude the Court from exercising jurisdiction over plaintiffs' federal case.  *See Chapman*, 472 F.3d at 749–50.  Thus, the Court overrules plaintiffs' objection.

Next, plaintiffs seem to challenge the magistrate judge's finding on the fourth element of the *Rooker-Feldman* doctrine, namely, whether plaintiffs are "asking the district court to review and reject the state court judgment."  *See Bruce*, 57 F.4th at 746. Plaintiffs argue that "any challenge to any judgment of any amount including $12,231.46 does not exist."  Docket No. 51 at 5.  They also argue that an "Article III court is the only

jurisdiction to address We the People's grievances and therefore must allow due

process of claims for attempted seizure of property and civil rights and constitutional

violations by all Defendants." *Id*. at 11.  Plaintiffs' arguments seem to suggest that they

are not attempting to challenge the state court's judgment.  Accordingly, the Court will

review that element de novo.

Plaintiffs' complaint alleges that "[d]ue process was not followed" during

mediation.  Docket No. 1 at 5, ¶ 5.  Furthermore, plaintiffs allege that "[f]alsified

documents were provided to the court," that plaintiffs did not receive a "proof of claim

with a Bill of Particulars and also a meeting with the Trustee or Doug Fagan regarding

the status of 1099 forms," and that Ms. Coffey violated due process by requiring that

plaintiffs abide by the court's procedures.  *Id*. at 5–6, ¶¶ 4, 6, 8, 9.  Plaintiffs further

allege that they did not receive proper service.  *Id*. at 5, ¶ 3.  In sum, plaintiffs allege that

"[a]ll Defendants have violated the Constitutional rights of the Plaintiffs regarding due

process and to be secure in their persons and papers." *Id*. at 6, ¶ 10.

The Court finds that plaintiffs' Fifth Amendment due process and Fourth

Amendment unreasonable search and seizure claims[3] are "[a]ttempts to recast state

court losses as deprivations of constitutional rights [that] do not overcome the *Rooker-*

*Feldman* jurisdictional bar."  *Bruce*, 57 F.4th at 749.  Plaintiffs' challenge to the

Jefferson County proceedings "would impermissibly involve a reexamination of the

---

[3] Even if plaintiffs' Fourth Amendment claim did not seek to challenge the
$12,231.46 judgment as a form of unreasonable search and seizure – and thus such
claim was not barred by the *Rooker-Feldman* doctrine – the magistrate judge found that
plaintiffs fail to assert any other discernable claim under the Fourth Amendment.
Docket No. 48 at 16.  Plaintiffs do not object to this portion of the recommendation.  *See*
Docket No. 51.

underlying state court proceeding judgments, which is barred by the *Rooker-Feldman*

Doctrine." *Driskell*, 917 F. Supp. 2d at 1065. *See also Dillard*, 476 F. App'x at 691–92

(holding that the plaintiff's due process claim was barred by the *Rooker-Feldman*

doctrine because she "unquestionably sought review and rejection of the state court

foreclosure and eviction proceedings"); *Castro v. Kondaur Cap. Corp.*, 541 F. App'x

833, 837–38 (10th Cir. 2013) (unpublished) (affirming district court's conclusion that

plaintiffs' due process claim arising out of a Rule 120 foreclosure proceeding was

barred by the *Rooker-Feldman* doctrine because "reviewing Plaintiffs' due process claim

would impermissibly involve a reexamination of the underlying state court proceedings

and judgment"); *Driskell*, 971 F. Supp. 2d at 1065 (dismissing plaintiff's Fifth

Amendment due process claim and Fourth Amendment unlawful seizure claim arising

out of a Rule 120 hearing because reviewing those claims "would impermissibly involve

a reexamination of the underlying state court proceedings and judgments, which is

barred by the *Rooker-Feldman* doctrine"); *Bishop v. JP Morgan Chase Bank, Nat'l

Ass'n*, 2018 WL 4368614, at *3 (D. Colo. Mar. 6, 2018) (holding that plaintiff's due

process claim – alleging "a host of defects in Rule 120 proceedings, including a lack of

discovery, the inability to present evidence of fraud, and the inability to appeal Rule 120

orders" – was barred by the *Rooker-Feldman* doctrine). As a result, the Court agrees

with the magistrate judge's recommendation that plaintiffs' Fourth and Fifth Amendment

claims are "inextricably intertwined" with the state court proceeding and thus barred

under the *Rooker-Feldman* doctrine. Docket No. 48 at 10–11. The Court therefore

overrules plaintiffs' third objection.

### D. Objection Four

Plaintiffs appear to argue that the magistrate judge is denying plaintiffs' right to a jury trial by dismissing plaintiffs' claims.  Docket No. 51 at 7–9.  Plaintiffs state that they have "a right to present witnesses and evidence on the Court of Record to a Jury of Peers as afforded by the Constitution."  *Id*. at 9.  Further, plaintiffs argue that the magistrate judge "incorrectly applie[d] law in Section B Plaintiff's Seventh Amendment Claim.  There was no judgment or order when Plaintiffs filed complaint/claim thus voiding this entire section of recommendations."  *Id*. at 8.  As discussed above, the fact that plaintiffs filed their federal claim prior to the state court's entry of final judgment does not mean that *Rooker-Feldman* is inapplicable.  Thus, the Court rejects plaintiffs' argument that the magistrate judge's recommendation "incorrectly applie[d]" the law in ruling on plaintiffs' Seventh Amendment claim.  *Id*.

The Court construes the remaining objection as arguing that plaintiffs' federal case cannot be dismissed at the pleading stage because plaintiffs are entitled to a jury trial under the Seventh Amendment.  "The Tenth Circuit has repeatedly held, however, that judges can dismiss a case at the pleading stage or at the summary judgment stage without violating the Seventh Amendment right to a jury trial."  *Harris v. City of Aurora*, No. 21-cv-02080-PAB-KLM, 2023 WL 2534859, at *2 (D. Colo. Mar. 16, 2023) (citing *Sutton v. Leeuwen*, 708 F. App'x 514, 517 (10th Cir. 2017) (unpublished) (citing *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001)); *Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) ("The district court's dismissal of Smith's complaint under Rule 12(b)(6) did not violate Smith's right to a jury trial under the Seventh Amendment:

15

When Smith failed to plead any facts that would overcome the defendants' complete

defenses, there were no facts to be 'tried' by a jury.")).  Dismissal of plaintiffs' complaint

at the pleading stage does not violate plaintiffs' right to a jury trial.  *See Sutton*, 708 F.

App'x at 517.  Accordingly, the Court overrules plaintiffs' fourth objection.

### E.  Objection Five

Plaintiffs' fifth objection appears to challenge plaintiffs' inability to bring suit under

18 U.S.C. §§ 241 and 242.  Plaintiffs argue that the "Defendants together violate § 241

– Conspiracy against rights."  Docket No. 41 at 8–9.  As an initial matter, the complaint

does not allege violations of §§ 241 and 242 against Mr. Simon and PCCU.[4]  To the

extent plaintiffs argue that they can add new factual allegations to their complaint

through their responses to the motions to dismiss, the Court rejects that argument.  *See*

---

[4] Even if plaintiffs did properly allege claims under 18 U.S.C. §§ 241 and 242 against Mr. Simon and PCCU, these are federal criminal statutes that do create private rights of action.  *See, e.g.*, *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (affirming district court's finding that "18 U.S.C. §§ 241 and 242 . . . do not provide for a private civil cause of action"); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming district court's dismissal of claims alleging violations of 18 U.S.C. § 241 because that criminal statute does "not provide for a private right of action and [is] thus not enforceable through a civil action"); *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1233 (D. Wyo. 2017) (dismissing claims under 18 U.S.C. §§ 241 and 242 because those federal criminal statutes "do not provide for a private civil cause of action"); *Willis v. Green Tree Servicing, LLC*, 2015 WL 5139307, at *6 n.7 (E.D. Mich. Sept. 1, 2015) (noting that 18 U.S.C. § 474 "explicitly prohibits criminal conduct and does not provide [an individual] with a private right of action").  Thus, the Court rejects plaintiffs' argument that they can assert claims under the federal criminal statutes.  *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *1 (D. Colo. Aug. 21, 2019) (quoting *Price v. Hasly*, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981))); *see also Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("a private citizen[ ] has no standing to initiate federal criminal prosecutions").  The "United States and its attorneys have the sole power to prosecute criminal cases in the federal courts."  *Bellinsky v. Galan*, No. 23-cv-03163-PAB-STV, 2024 WL 1330076, at *3 (D. Colo. Mar. 28, 2024) (quoting *Maine v. Taylor*, 477 U.S. 131, 136 (1986)).

*Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015)
(noting that a plaintiff "cannot amend her complaint by adding factual allegations in
response to Defendant's motion to dismiss" (citing *Jojola v. Chavez*, 55 F.3d 488, 494
(10th Cir. 1995)).  Thus, the Court will not consider these objections.

Plaintiffs also allege that they can bring claims under §§ 241 and 242 against Ms.
Ramos and Ms. Coffey; however, the magistrate judge recommends that both
defendants be dismissed.  Docket No. 48 at 12.  Plaintiffs have not objected to the
recommendation that Ms. Ramos and Ms. Coffey be dismissed due to plaintiffs' failure
to properly serve both defendants.  *See* Docket No. 51.  The Court accepts this
recommendation and finds that any claims alleged against Ms. Ramos and Ms. Coffey
are moot.  Thus, the Court overrules plaintiffs' fifth objection.

### F.  Non-Objected to Portions of the Recommendation

The Court has reviewed the remainder of the recommendation to satisfy itself
that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b),
Advisory Committee Notes.  Based on this review, the Court has concluded that the
remainder of the recommendation is a correct application of the facts and the law.

### IV.    CONCLUSION

It is therefore

**ORDERED** that the Recommendation of the United States Magistrate Judge
[Docket No. 48] is **ACCEPTED.**  It is further

**ORDERED** that Plaintiff's Objection to Minute Order of United States Magistrate
Judge by Affidavit of Truth and Fact [Docket No. 42] is **OVERRULED.**  It is further

17

ORDERED that Plaintiffs Objection to Recommendations of United States

Magistrate Judge by Affidavit of Truth and Fact [Docket No. 51] is **OVERRULED**.  It is

further

ORDERED that Defendant Partner Colorado Credit Union's Motion to Dismiss

[Docket No. 6] is **GRANTED**.  It is further

ORDERED that Defendant Harry L. Simon's Motion to Dismiss [Docket No. 28] is

**GRANTED**.  It is further

ORDERED that defendants Danielle L. Ramos, Diana Coffey, PCCU, and Harry

L. Simon are **DISMISSED** from this action.  It is further

ORDERED that plaintiffs' Fourth and Fifth Amendment claims are **DISMISSED**

**without prejudice**.  It is further

ORDERED that plaintiffs' Seventh Amendment Claim is **DISMISSED with**

**prejudice** against all defendants.[5]


DATED January 31, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[5] The only remaining defendant is Judge Garrido, against whom the plaintiffs
bring claims under the Fourth Amendment, Fifth Amendment, Seventh Amendment, and
§§ 241 and 242.  However, the magistrate judge recommends that plaintiffs' Seventh
Amendment claim be dismissed against all defendants, Docket No. 48 at 15, and the
Court accepts that recommendation.  Therefore, only the Fourth Amendment, Fifth
Amendment, and §§ 241 and 242 claims remain.